IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
APR -5 2016
ARTHUR JOHNSTON
BY_____ DEPUTY

UNITED STATES OF AMERICA

v.    CRIMINAL NO. 3:16cr27 CWR-FKB

TERESA WASH    18 U.S.C. § 1343
               18 U.S.C. § 1030(a)(4)

**The Grand Jury Charges:**

At all times relevant to this indictment:

1. Progressive Pipeline, Inc. was a gas and liquid pipeline installation company located near Meridian, Mississippi.

2. Teresa Wash served as the Controller for Progressive Pipeline.

## COUNT 1

3. Beginning on or about October 7, 2013, and continuing through on or about November 18, 2014, in Lauderdale County in the Northern Division of the Southern District of Mississippi, and elsewhere, defendant **TERESA WASH**, devised and intended to devise a scheme to defraud Progressive Pipeline, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

It was part of the scheme that:

4. As part of her job, defendant **WASH** was authorized to make wire transfers on behalf of Progressive Pipeline to purchase equipment and other supplies.

5. Defendant **WASH** used her work computer to request the fraudulent wire transfers from Progressive Pipeline's bank account to her personal bank account.

6. When creating and authorizing the fraudulent wire transfers, defendant **WASH** used a stamp of Progressive Pipeline Chief Executive Officer's signature.

7. Progressive Pipeline also used payroll debit cards to pay employees that were working in the field and could not receive their pay through normal means. Progressive Pipeline stopped using the debit cards in 2012. Defendant **WASH**, however, ordered four of these debit cards in the name of Progressive Pipeline to use for herself.

8. Defendant **WASH** would transfer, by electronic means, funds from Progressive Pipeline bank accounts to the four debit cards in her possession.

9. Defendant **WASH** would then make purchases with the debit cards and/or withdraw funds as an automated teller machine in Meridian, Mississippi.

10. On or about each of the dates set forth below, in the Southern District of Mississippi, and elsewhere, defendant **WASH**, aided and abetted by others known and unknown to the Grand Jury, for the purpose of executing the scheme described above and attempting to do so, caused to be transmitted by means of wire or radio communication in interstate commerce the writings, signs, signals, pictures and sounds, to-wit, wire transfers of funds belonging to Progressive Pipeline to accounts belonging to defendant **WASH** to which **WASH** was not entitled, further described below for each count, each transmission constituting a separate count:

| COUNT | APPROXIMATE DATE | APPROXIMATE AMOUNT | ORIGINATING BANK | RECIPIENT BANK |
|---|---|---|---|---|
| 1 | 10/07/13 | $8,963.00 | Community Bank Acct. ending 4376 | BankPlus Acct. ending 3908 |
| 2 | 10/18/13 | $8,720.66 | Community Bank Acct. ending 4376 | BankPlus Acct. ending 3908 |
| 3 | 11/07/13 | $8,605.00 | Community Bank Acct. ending 4376 | BankPlus Acct. ending 3908 |
| 4 | 11/27/13 | $8,900.00 | Community Bank Acct. ending 4376 | BankPlus Acct. ending 3908 |
| 5 | 12/13/13 | $9,600.00 | Community Bank Acct. ending 4376 | BankPlus Acct. ending 3908 |

All in violation of Sections 1343 and 2, Title 18, United States Code.

## COUNT 6

11. Between October 1, 2013 and December 1, 2014, in the Southern District of Mississippi and elsewhere, defendant **TERESA WASH** knowingly and with intent to defraud exceeding her authorized access to a protected computer and by means of such conduct furthered the intended fraud and obtained something of value, specifically, approximately $797,287.85 in monies belonging to her employer by diverting said monies to defendant **WASH's** personal bank account, in violation of Sections 1030(a)(4) and (c)(3)(A), Title 18, United States Code.

### NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses as alleged in this Indictment, the defendant shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses. Further, if any property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e)

has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Sections 982(a)(2) and (a)(2)(B), Title 18, United States Code.

*[signature]*
GREGORY K. DAVIS
United States Attorney

A TRUE BILL:
S/SIGNATURE REDACTED
Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or deputy foreperson of the grand jury on this the 5 day of April, 2016.

*[signature]*
UNITED STATES MAGISTRATE JUDGE